# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK HANNAH,**

        **Petitioner,**

v.                                  **CIVIL ACTION NO. 2:16cv107**
                                             **(Judge Bailey)**

**WARDEN SAAD,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 8, 2016, Petitioner, Mark Hannah, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241. February 16, 2017, Petitioner paid the $5 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

Petitioner, who is currently incarcerated at FCI Gilmer, is serving a sentence imposed by the United States District Court for the Western District of New York. The Petitioner alleges that he was placed in segregation/solitary housing unit for an alleged violation of a Bureau of Prison policy. It would appear that Petitioner believes the Office of the United States Attorney was requested to review the alleged incident for possible indictment. At the time Petitioner filed this action, he maintains that he been placed in segregation for approximately 15 months. Petitioner alleges that although he is imprisoned serving a federal sentence, segregation/solitary confinement presents a harsher

1

punishment by limiting certain liberties an inmate would normally have. More specifically, Petitioner maintains that he is being denied access to rehabilitation programs, work details, chapel services, exercise programs, telephone and email access to his family and contact visits. Petitioner alleges that due to the length of his detention, a liberty interest is raised. For relief, Petitioner asks this Court to "appoint representation."ECF No. 1 at 10.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from issues such as parole denial, sentence computation, good conduct time, the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. ( quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a

2

constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.")

In the instant action, it is clear that his petition is not an attack on, nor are its claims related in any way to, the execution of his sentence. Petitioner is not challenging either the fact or duration of his confinement. Instead, he is complaining about the conditions of his confinement, i.e., placement is segregation, and the attendant curtailment of activities and opportunities afforded to prisoners housed in general population. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 399 (1971),[1] and pay the $400.00 filing fee.[2]

In addition, the extent that Petitioner is seeking court appoint representation to assist him in defending against any charges filed by the United States Attorney, again this is not a proper remedy in a § 2241 petition. In the event that formal charges are filed in the United States District Court for the Northern District of West Virginia, a lawyer will be appointed to represent him if meets the financial qualifications for court-appointed counsel. To the extent Petitioner may be seeking court appointed representation for any disciplinary proceeding which may be pending with the Bureau of Prisons, he is not entitled to counsel, but instead, may request a staff representative.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be

---

[1] In <u>Bivens</u>, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a <u>Bivens</u> action as opposed to one under §1983.

[2] If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

3

**DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: May 15, 2017.

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE